UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62008-CIV-COHN/SELTZER

ACCESS FOR THE DISABLED, INC.,
BOB COHEN, and PATRICIA KENNEDY,

    Plaintiffs,

v.

MILAN CONSULTING, INC., d/b/a
MACK'S CAFE,

    Defendant.
_____/

## ORDER GRANTING MOTION TO VACATE CLERK'S DEFAULT

**THIS CAUSE** is before the Court upon Defendant's Motion to Vacate Clerk's Default [DE 13] ("Motion"). The Court has considered the motion, Plaintiffs' Response [DE 16], Defendant's Reply [DE 17], and is otherwise fully advised in the premises.

### I. BACKGROUND

On October 10, 2012, Plaintiffs Access for the Disabled, Inc., Bob Cohen, and Patricia Kennedy brought suit against Defendant Milan Consulting, Inc., d/b/a Mack's Cafe, seeking relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, and the Florida Accessibility Code, Florida Statutes § 553.503. Compl. [DE 1]. Plaintiffs served Defendant on October 15, 2012, and Defendant's response to the Complaint was due by November 5, 2012. See Return of Service [DE 6]. On January 3, 2013, the Court issued a Status Report Order [DE 7], noting that Defendant had not responded to the Complaint, and Plaintiffs had not moved for entry of a default. Thus, the Court directed Plaintiffs to either file a status report or move for

entry of default. Shortly thereafter, Plaintiffs moved for a clerk's default, which was granted on January 4, 2013. See Mot. for Entry of Clerk's Default Against Def. [DE 9], Clerk's Default [DE 10]. On January 8, 2013, Defendant filed the instant motion, seeking to set aside the Clerk's Default. Plaintiffs oppose the motion.

## II. DISCUSSION

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." Creative Tile Marketing, Inc. v. SICIS Intern., S.r.L., 922 F. Supp. 1534, 1536 (S.D. Fla. 1996). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Avacion, 88 F.3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." Compania Interamericana, 88 F.3d at 951. To determine whether good cause exists, the Court considers "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id.

Here, Defendant asserts that good cause exists for three reasons. First, Defendant contends that its default was not willful. Defendant represents that it retained counsel on October 29, 2012, and that counsel timely prepared Defendant's Answer, which counsel believed had been filed in late October. Mot. at 2. However, at that time, Defendant claims that counsel was traveling in areas affected by Hurricane Sandy, limiting his ability to communicate with his office and ensure that the Answer was properly filed. Id. According to Defendant, counsel realized his mistake when

2

Plaintiffs moved for a clerk's default, and that he acted promptly to correct it.  Id. Therefore, Defendant argues, there is good cause to set aside the default.  The Court agrees.  Defendant filed the present motion less than one week after entry of default and there is no suggestion that Defendant is acting in bad faith.  Consequently, the Court finds that there is no evidence that Defendant's delay was culpable or willful.

Second, Defendant argues that Plaintiffs would not be prejudiced if the Court sets aside the default.  Defendant points out that "this case is in its infancy, no discovery has been done, and in fact, Plaintiffs had to be threatened with a lack of prosecution by this Court."  Mot. at 6.  Plaintiffs respond that they would be prejudiced by having to continue to incur litigation expenses in this matter.  The Court disagrees. Relatively minor delays or increased litigation expenses do not qualify as actual prejudice that would justify the denial of relief under Rule 55(c).  See Gagnon v. Fortner, Case No. 12-60478-CIV-MARRA, 2012 U.S. Dist. LEXIS 117868, at *22-23 (S.D. Fla. Aug. 21, 2012) (finding that increased expense of litigation is not 'actual prejudice') (citing Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006) ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties.")).  The action is still in its preliminary stages, and Plaintiffs have not alleged any substantial hardships caused by the delay.  Accordingly, the Court finds no indication that setting aside the default would prejudice Plaintiffs in prosecuting this matter.

Third, Defendant asserts that it has presented a meritorious defense in that it has removed all structures that violated the ADA from its premises.  Indeed, on January

17, 2013, Defendant filed a Notice of Barrier Removal [DE 14], in which it advised the Court that an ADA expert had submitted a report certifying that all barriers to accessibility had been removed and that Defendant was in full compliance with the ADA.  Therefore, Defendant contends, Plaintiffs' claims have been rendered moot by Defendant's compliance.  Plaintiffs did not address Defendant's notice or the expert report attached thereto.  Having examined the notice and the report, the Court finds that Defendant has a meritorious defense, and therefore, that the default should be set aside.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Vacate Clerk's Default [DE 13] is **GRANTED**.  The Clerk's Default [DE 10] is hereby **SET ASIDE**.  Defendant shall respond to the Complaint [DE 1] by no later than **February 4, 2013**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of January, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF